## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Mike Cordale Henderson, | Case No. 22-CV-0566 (WMW/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of Minnesota, | |
| Respondent. | |

Petitioner Mike Cordale Henderson was convicted of multiple offenses across two separate criminal proceedings conducted in Minnesota state court roughly a decade ago. *See State v. Henderson*, No. 27-CR-08-50567 (Minn. Dist. Ct.); *State v. Henderson*, No. 27-CR-08-53946 (Minn. Dist. Ct.). Henderson now seeks federal habeas corpus relief from those convictions. *See* 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254. Because Henderson's habeas petition is plainly untimely, it is recommended that this matter be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Under 28 U.S.C. § 2244(d),

> (1) [a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

1

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

None of § 2244(d)(1)(B)-(D) are relevant to this case: Henderson does not allege that the State of Minnesota has at any time impeded his ability to seek habeas relief; he does not seek habeas relief pursuant to a constitutional right newly recognized by the Supreme Court; and the factual predicate of each of Henderson's claims for relief would have been known to him at the time of the criminal proceedings.

This leaves only § 2244(d)(1)(A). The one-year limitation period for Henderson to file his petition for a writ of habeas corpus began to run, under that provision, on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In the first of the prosecutions challenged by Henderson, the date on which judgment became final

was March 31, 2014 — ninety days after the Minnesota Supreme Court affirmed the decision of the Minnesota Court of Appeals affirming the convictions and sentence at issue in this matter. *See State v. Henderson*, No. A12-1888, 2013 WL 5777886, at *1 (Minn. Ct. App. Oct. 28, 2013); *Jihad v. Hvass*, 267 F.3d 803, 804-05 (8th Cir. 2001) (noting that the conclusion of direct review ends for purposes of § 2244(d)(1)(A) at the conclusion of the 90-day period to file a petition for a writ of certiorari before the Supreme Court of the United States). In the second prosecution, Henderson appears not to have filed a direct appeal from his conviction or sentence, and therefore the judgment would have become final after the time for doing so had expired — that is, in 2011. With respect to both cases, Henderson filed his federal habeas petition well after the one-year limitations period established by § 2244(d)(1)(A) had already passed.

The automatic tolling provision of § 2244(d)(2) does not materially help Henderson's cause, either. Never has Henderson sought postconviction relief in the state courts from the first of the two convictions discussed above. Henderson did seek postconviction relief in the second of the two cases, *see Henderson v. State*, No. A13-2308, 2014 WL 4056099 (Minn. Ct. App. Aug. 18, 2014), but the electronic docket maintained by the State of Minnesota reflects that Henderson did not file his petition for postconviction relief in state court until May 2013. By that time, the one-year federal habeas limitations window had already closed. *See, e.g.*, *Cordle v. Guarino*, 428 F.3d 46, 48 n.4 (1st Cir. 2005) (noting that § 2244(d)(2) only pauses, not restarts, the one-year federal habeas limitations clock). But even if the timeliness of Henderson's habeas petition were dated from the conclusion of the state-court post-conviction proceedings,

3

Henderson's habeas petition would still be far too late, as the state-court postconviction proceedings concluded in 2014.  *See Henderson*, 2014 WL 4056099, at *1.

Henderson seems to acknowledge in this habeas petition that his attempt to challenge his convictions in state court is untimely under § 2244(d).  *See* Petition at 13 [Dkt. No. 1].  He asks, however, to be granted an "extension on the case statute of limitation[s]."  *Id*.  The Court does not have generalized authority to extend the statutory limitations period, *see Thomas v. Minnesota*, No. 21-CV-1955 (MJD/ECW), 2021 WL 4691430, at *1 (D. Minn. Aug. 8, 2021) (collecting cases), and none of the equitable doctrines that would permit the Court to excuse the untimeliness of Henderson's petition appears to apply to this case.  For example, the federal limitations period is "subject to equitable tolling in appropriate cases" where a petitioner can demonstrate both that "he has been pursuing his rights diligently" and that "some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 645, 649 (2010) (quotation omitted).  But nowhere does Henderson adequately explain why he could not have pursued federal habeas relief earlier.  The Court may also, in rare circumstances, permit a habeas petitioner to bypass the statute of limitations where an adequate showing of actual innocence is established, *see McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013), but nothing in the materials submitted by Henderson comes close to the threshold showing that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt,'" *id.*, (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Section 2244(d) controls the disposition of this matter.  Henderson's habeas petition is untimely under that provision, and no equitable doctrine permits the Court in

4

this matter to ignore the limitations deadline. Accordingly, it is recommended that Henderson's habeas petition be denied as untimely and this matter dismissed. Because it is recommended that the habeas petition be dismissed at the outset of this proceeding, it is further recommended that Henderson's pending application to proceed *in forma pauperis* be denied. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam). And finally, because this Court does not believe that the grounds upon which the dismissal are recommended are reasonably debatable, it is recommended that Henderson not be granted a certificate of appealability. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. The petition for a writ of habeas corpus of petitioner Mike Cordale Henderson [Dkt. No. 1] be DENIED as untimely.

2. This action be DISMISSED pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

3. Henderson's application to proceed *in forma pauperis* [Dkt. No. 9] be DENIED.

4. No certificate of appealability be granted.

Dated: April 21, 2022          *s/Elizabeth Cowan Wright*
                                ELIZABETH COWAN WRIGHT
                                United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).